TO BE PUBLISHED

# Supreme Court of Kentucky
## 2008-SC-000947-KB

DATE 3|3|09 Kelly Klaber D.C.

JAMES W. CONWAY
KBA MEMBER NO. 14255                                        MOVANT


V.                          IN SUPREME COURT


KENTUCKY BAR ASSOCIATION                                RESPONDENT


## OPINION AND ORDER


Movant, James W. Conway, was admitted to the practice of law in the Commonwealth of Kentucky on March 1, 1972. His bar roster address is P.O. Box 189, 320 East Blue Lick Road, Shepherdsville, Kentucky 40165. Movant is before this Court requesting an order permanently disbarring him from the practice of law in the Commonwealth.

The grounds for said motion are that on October 5, 2006, Movant pled guilty, in the United States District Court for the Northern District of Indiana, to one count (Count 29 of a 43 Count Indictment) of conspiracy to engage and attempt to engage in monetary transactions in criminally derived property that is of a value that is greater than $10,000.00, in violation of 18 U.S.C. Section 1956(h). The facts of the conspiracy are set out in the indictment, which was attached to the motion as Exhibit 2. A copy of the plea agreement was attached as Exhibit 3.

On April 20, 2007, Movant was sentenced to thirty (30) months in prison and a period of supervised release of two (2) years following his release from imprisonment. In addition, he was sentenced to pay restitution in the amount of $5,408,864.74. A copy of the Judgment in the criminal case was attached to Movant's motion as Exhibit 4.

On December 12, 2007, the Inquiry Commission filed a two-count Charge against Movant. Count I alleged that Movant violated SCR 3.130-8.3(b) by committing "a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects," specifically, conspiracy to engage and attempt to engage in monetary transactions in criminally derived property that is of a value that is greater than $10,000.00, in violation of 18 U.S.C. Section 1956(h). Count II alleged that the same conduct violated SCR 3.130-8.3(c) as it constituted "conduct involving dishonesty, fraud, deceit or misrepresentation."

Movant admits that his conduct violated SCR 3.130-8.3(b), which provides: "It is professional misconduct for a lawyer to: (b) Commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

Movant admits that his conduct violated SCR 3.130-8.3(c), which provides: "It is professional misconduct for a lawyer to: (c) Engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

Movant admits that his conduct is in violation of SCR 3.130-8.3(b) and (c) and justifies permanent disbarment. Movant desires to terminate these proceedings by resigning under terms of permanent disbarment. Movant

2

understands that he cannot be reinstated to the practice of law in the Commonwealth of Kentucky and that the provisions of SCR 3.480(3)(a) and SCR 3.510 do not apply.

Movant states that upon entry of an order of this Court granting his Motion to Resign Under Terms of Permanent Disbarment, he will never again engage in the practice of law in the Commonwealth of Kentucky.

Movant states that he will pay all costs associated with this disciplinary investigation and prosecution, as will be certified to the Supreme Court by the Disciplinary Records Clerk. Movant also states that he will comply with the notification provisions of SCR 3.390, where he has not already done so, and will cancel and cease any advertising activities.

This Court having reviewed the charges and the Movant's admissions, find that Movant, James W. Conway's conduct violates SCR 3.130-8.3(b) and SCR 3.130-8.3(c), and that said violations justify permanent disbarment. Therefore, Movant's motion is granted.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

(1) James W. Conway, KBA Member No. 14255, is adjudged guilty of violation of SCR 3.130-8.3(b) and SCR 3.130-8.3(c); and

(2) James W. Conway, KBA Member No. 14255, is hereby permanently disbarred from the practice of law in the Commonwealth of Kentucky; and

(3) James W. Conway shall pay the costs associated with this disciplinary proceeding as certified by the Kentucky Bar Association

in the amount of $228.50, for which execution may issue from this Court upon finality of this Order; and

(4) James W. Conway shall, pursuant to SCR 3.390, notify all Courts, if any, in which he has matters pending and all clients for whom he is actively involved, if any, of his inability to continue representation; and

(5) James W. Conway shall, pursuant to SCR 3.390, cease any advertising activities, if any, related to the practice of law in this Commonwealth.

All sitting. All concur.

ENTERED: February 19, 2009.

_____
CHIEF JUSTICE

4